# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. STATEN, | 1:06-cv-00631-OWW-GSA-PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND (Doc. 8) |
| v. | ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS PREMATURE |
| EDWARD S. ALAMEIDA, JR., et al., | |
| Defendants. | ORDER REQUIRING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF INTENT TO PROCEED ON COGNIZABLE CLAIMS |
| | ORDER FOR CLERK TO SEND PLAINTIFF COMPLAINT FORM |
| / | THIRTY DAY DEADLINE |

Plaintiff Dwight A. Staten ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 16, 2004, at the Sacramento Division of the United States District Court for the Eastern District of California. On October 12, 2004, plaintiff filed an amended complaint. On May 24, 2006, the case was transferred to the Fresno Division of the Eastern District of California.

**I.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     SUMMARY OF AMENDED COMPLAINT

Plaintiff is currently housed at Corcoran State Prison in Corcoran, California. The events at issue allegedly occurred at California Correctional Institution ("CCI") in Tehachapi, California, while plaintiff was incarcerated there. Plaintiff names Jeanne Woodford, Author Calderon, N. Grannis, David L. Winett, P. Vazquez, and two CDC employees identified as "S" and "E" as defendants.

Plaintiff alleges that defendants "S" and "E," prison guards at CCI, violated his Eighth Amendment rights when they failed to escort him immediately to the dentist, knowing that plaintiff was in pain and needed dental care. Plaintiff also alleges that defendants Woodford, Calderon, Grannis, Winett, and Vazquez violated his Eighth Amendment and Equal Protection rights when they failed to enforce a policy they had implemented, causing plaintiff to lose a tooth. Plaintiff also alleges that defendants Woodford, Calderon, Grannis, Winett, and Vazquez denied plaintiff's administrative appeals without properly scrutinizing the evidence. Plaintiff seeks as relief compensatory and punitive damages, costs of suit, declaratory relief, and summary judgment.

### III. CLAIMS FOR RELIEF

#### A. Legal Standard

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, No. 03-56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by

3

others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

### B.   Eighth Amendment - Deliberate Indifference to Serious Medical Need

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted).  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part

4

1  of the penalty that criminal offenders pay for their offenses against society, only those deprivations
2  denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis
3  of an Eighth Amendment violation." Id. (quotations and citations omitted).

4      With respect to medical care, negligence is insufficient to support a claim for violation of the
5  Constitution. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Rather, to constitute cruel and unusual
6  punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and
7  unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim
8  of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1)
9  "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'"
10 and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391
11 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002)
12 (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the
13 official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan,
14 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny,
15 delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians
16 provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other
17 grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a
18 prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm
19 in order for the prisoner to make a claim of deliberate indifference to serious medical needs.
20 McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
21 407 (9th Cir. 1985)).

22     **1.    Defendants "S" and "E"**

23     Plaintiff's amended complaint alleges that on July 14, 2002, plaintiff submitted an inmate
24 request form to be seen by the dentist at CCI because of excruciating pain. Plaintiff alleges he was
25 seen by facility dentist James L. McCulloch ("McCulloch") who discovered plaintiff had cavities
26 and gave plaintiff pain relief pills to use until he could schedule him for dental treatment.

27     Plaintiff alleges that on September 10, 2002, African-American inmates were placed on
28 lockdown because of an incident on Yard 270 at CCI. Plaintiff alleges that under prison policy,

inmates were not to be escorted for medical reasons during the lockdown unless they needed immediate treatment. Plaintiff alleges that under the policy, prison guards were instructed to escort inmates immediately if a doctor requested them to bring an inmate for treatment. Plaintiff alleges that during the lockdown, he submitted an inmate request form to be seen by the dentist, but he did not receive any response. Plaintiff alleges he finished the pain pills that were given to him and filed a grievance for a refill, but he did not receive any response. Plaintiff alleges he suffered excruciating pain between September and December 2002 from his cavities.

Plaintiff alleges that he was finally taken for dental treatment on December 4, 2002. While plaintiff was being treated, one of his teeth suddenly fell out. Plaintiff alleges that the delay in his treatment caused the loss of his tooth. Plaintiff alleges that defendants "S" and "E," Second Watch Yard 270 prison guards at CCI, are responsible for the delay because they intentionally failed to follow instructions by the dentist to escort plaintiff for immediate dental treatment. Plaintiff alleges the guards knew plaintiff was in pain and needed immediate treatment because the dentist had informed them and requested them to escort plaintiff. Based on the above allegations, the court finds that plaintiff sufficiently states a cognizable claim for relief against defendants "S" and "E" for violation of the Eighth Amendment.

**2.     Defendants Woodford, Calderon, Grannis, Winett, and Vazquez**

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th

Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff alleges that in September 2002, defendants Woodford, Calderon, Grannis, Winett, and Vazquez ("defendants") implemented a policy at CCI during a prison lockdown that prison guards should only escort inmates for medical treatment if emergency treatment was needed or if a doctor requested them to escort an inmate for immediate medical treatment. Plaintiff alleges prison guards intentionally delayed escorting plaintiff to the dentist when he needed immediate treatment. Plaintiff alleges that defendants knew about the delay and failed to act to enforce the policy, which caused plaintiff to lose a tooth.

The court finds that plaintiff does not allege any facts to support his allegation that defendants knew the prison guards had violated the policy. Therefore, plaintiff does not allege sufficient facts to state an Eighth Amendment claim against defendants Woodford, Calderon, Grannis, Winett, or Vazquez.

### C.   Prison Appeal Process

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff alleges that defendants Woodford, Calderon, Grannis, Winett, and Vazquez denied plaintiff's administrative appeals without properly scrutinizing the evidence. Defendants' actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983. Accordingly, plaintiff fails to state a claim against defendants Woodford, Calderon, Grannis, Winett, or Vazquez upon which relief may be granted under section 1983 for improperly responding to plaintiff's appeal.

### D. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

///

In the amended complaint, plaintiff does not allege facts giving rise to an equal protection claim against any of the defendants.

### E.    Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  However, as a preliminary matter, the court must have before it an actual case or controversy, and federal courts are courts of limited jurisdiction. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In the amended complaint, plaintiff brings a motion for summary judgment. However, in this instance, there is not yet an actual case or controversy before the court. Plaintiff is not entitled to proceed forward with his action until the court completes screening his complaint and makes a finding that it states cognizable claims for relief under federal law against one or more of the named defendants. Once that occurs, the court will not have any jurisdiction over the named defendants until they are served with process and make an appearance in this action. Therefore, plaintiff's motion for summary judgment is premature and shall be denied without prejudice.

### IV.    CONCLUSION AND ORDER

The court finds plaintiff's amended complaint states a cognizable Eighth Amendment claim against defendants "S" and "E" for deliberate indifference to a serious medical need. However, the amended complaint does not contain any other cognizable claims for relief. As such, the court will grant plaintiff the opportunity to file a Second Amended Complaint to cure the deficiencies, or in

the alternative, notify the court in writing whether plaintiff intends to proceed directly with those claims found to be cognizable. Plaintiff should note that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to prior pleadings.

In the event plaintiff wishes to proceed on the cognizable claims, the court will issue Findings and Recommendations to dismiss those claims not cognizable. The court will then forward plaintiff summonses and USM-285 forms to fill out and return to the court in order to effect service on defendants. Upon return of these forms, the court will direct the U.S. Marshal to initiate service of process.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is DENIED without prejudice as premature;
2. The Clerk of Court is DIRECTED to send plaintiff a blank civil rights complaint form;
3. Plaintiff's amended complaint is DISMISSED, with leave to amend. Within **thirty (30) days** from the date of service of this order, plaintiff SHALL either:
   a. File a Second Amended Complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file a Second Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this order;
4. Plaintiff is forewarned that his failure to comply with this order may result in a recommendation that this action be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **December 5, 2007**           /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE