**JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dwight A. Staten, | No. CV 1-06-0631-DCB   P |
| Plaintiff, | **ORDER** |
| vs. | |
| Arthur Calderon, et al., | |
| Defendants. | |

Plaintiff Dwight A. Staten, who is confined in the California State Prison in Corcoran, California, has filed a *pro se* civil rights Second Amended Complaint pursuant to 42 U.S.C. § 1983 (Doc. # 38). United States Magistrate Judge Gary Austin issued an Order (Doc. # 37) finding that Plaintiff had stated both cognizable and uncognizable claims for relief in his First Amended Complaint and providing Plaintiff with an opportunity either to proceed on the viable claim or file an amended complaint that cured the deficiencies identified in the Order.[1]

Plaintiff filed a Second Amended Complaint (Doc. # 38). This case was reassigned to the undersigned judge on November 25, 2008 (Doc. # 39). The Court will grant Plaintiff 60 days from the filing date of this Order in which to file a notice of substitution of parties for Defendant Officers "S" and "E."

---

[1] On August 25, 2004, Magistrate Judge Nowinski dismissed Plaintiff's original Complaint with leave to amend (Doc. # 6). On May 24, 2006, this action was transferred to the Fresno Division of this Court (Doc. # 27).

**JDDL**

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Second Amended Complaint

In his single-count Second Amended Complaint, Plaintiff sues the following Defendants: (1) California Department of Corrections (CDC) former Director Edward Alameida, Jr.; (2) CDC Warden Arthur Calderon; and (3) CDC Officers "S" and "E".

Plaintiff alleges that in September 2002, during a prison lockdown, he was called to the dental facility by Dr. James McCullough. Plaintiff further claims that CDC Officers "S" and "E" failed to take Plaintiff to the dental facility to obtain treatment for his cavity. Plaintiff claims that as a result he was not seen at the dental facility for three months, causing unnecessary pain and permanent damage to his tooth. Plaintiff seeks monetary damages and a declaratory judgment.

## III. Failure to State a Claim

### A. Defendants Alameida and Calderon

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must

1  allege that the supervisory official personally participated in the constitutional deprivation
2  or that the supervisory official was aware of widespread abuses and, with deliberate
3  indifference to the inmate's constitutional rights, failed to take action to prevent further
4  misconduct.  See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v.
5  List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987);
6  see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92
7  (1978).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
8  position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights
9  does not impose liability.  Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

10  Plaintiff does not articulate any facts to support how either Alameida or Calderon
11  participated in any alleged constitutional violation or knew of widespread abused and failed
12  to act to prevent them.  Consequently, the Court will dismiss without prejudice Defendants
13  Alameida and Calderon.

14  **IV.    Claims for Which an Answer Will be Required**

15  Liberally construed, Plaintiff has stated a claim against Defendants CDC Officers "S"
16  and "E."  Although Plaintiff has alleged his claims with enough specificity to require an
17  answer, the Court cannot direct that service be made on Officers "S" and "E" at this time.
18  Generally, the use of fictitious names to identify defendants is not favored, and as a practical
19  matter, it is in most instances impossible for the United States Marshal to serve a summons
20  and complaint upon a fictitiously identified defendant.

21  The Court will allow Plaintiff 60 days in which to identify the Defendant Officers by
22  name, through subpoena or otherwise, and to substitute the names for Defendant Officers "S"
23  and "E" by filing a "notice of substitution."  See Wakefield v. Thompson, 177 F.3d 1160,
24  1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)) (where
25  identity of alleged defendants will not be known prior to filing of complaint, plaintiff should
26  be given an opportunity through discovery to identify the unknown defendants, unless it is
27  clear that discovery would not uncover the identities, or that the complaint would be
28

JDDL                                               - 3 -

1   dismissed on other grounds). Failure to timely file a notice of substitution will result in the
2   dismissal of this action without prejudice for failure to prosecute.

3   **V.    Warnings**

4       **A.    Address Changes**

5   Plaintiff must file and serve a notice of a change of address in accordance with Rule
6   83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include
7   a motion for other relief with a notice of change of address. Failure to comply may result in
8   dismissal of this action.

9       **B.    Copies**

10  Plaintiff must submit an additional copy of every filing for use by the Court. See
11  LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further
12  notice to Plaintiff.

13      **C.    Possible Dismissal**

14  If Plaintiff fails to timely comply with every provision of this Order, including these
15  warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
16  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
17  comply with any order of the Court).

18  **IT IS ORDERED:**

19  (1) Plaintiff is granted 60 days from the filing date of this Order in which to discover
20  by subpoena or otherwise the identity of Defendant Officers "S" and "E," and to file a
21  "notice of substitution" providing each Defendant's name in place of Officer "S" and Officer
22  "E."

23  ///
24  ///
25  ///
26  ///
27  ///

28  (2)    The Clerk of Court must issue two subpoenas in blank and send them to

1  Plaintiff.

2  **(3)    If Plaintiff fails to file a "notice of substitution" of parties within 60 days**
3  **of the date of filing of this Order, the Clerk of Court must, without further notice, enter**
4  **a judgment of dismissal of this action without prejudice.**  <u>See</u> **Fed. R. Civ. P. 41(b).**

5  DATED this 28th day of January, 2009.

David C. Bury
United States District Judge